IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-39,705-04






EX PARTE CARL HENRY BLUE









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS

FROM CAUSE NO. 23,293-272-C IN THE 272ND DISTRICT COURT

BRAZOS COUNTY




 Per Curiam.


O R D E R



 This is a subsequent application for a writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

 In April 1995, a jury found applicant guilty of the offense of capital murder. The jury
answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article
37.071, and the trial court, accordingly, set applicant's punishment at death. This Court
affirmed applicant's conviction and sentence on direct appeal. Blue v. State, No. AP-72,106
(Tex. Crim. App. Dec. 4, 1996)(not designated for publication). Applicant's sentence was
later reversed in federal court, and applicant received a new punishment trial. The jury again
answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article
37.071, and the trial court, accordingly, set applicant's punishment at death. This Court
again affirmed applicant's sentence on direct appeal. Blue v. State, 125 S.W.3d 491 (Tex.
Crim. App. 2003). 

 Applicant filed his initial post-conviction application for writ of habeas corpus in the
convicting court on June 24, 2003. (1) This Court denied applicant relief. Ex parte Blue, No.
WR-39,705-02 (Tex. Crim. App. Nov. 10, 2004)(not designated for publication). Applicant
filed in the convicting court on June 7, 2005 his first subsequent application, in which he
claimed that his execution would violate the Eighth Amendment because he is mentally
retarded. After filing and setting and getting briefs on the case, this Court dismissed the
application. Ex parte Blue, 230 S.W.3d 151 (Tex. Crim. App. 2007). Applicant filed this
his second subsequent writ application in the trial court on January 22, 2013.

 In his application, applicant asserts that his initial writ application should be
considered a nullity because he was represented by counsel who had a "direct and
substantial" conflict of interest. Therefore, he should be allowed to file a "successor
petition" now with conflict-free counsel. After reviewing the application, this Court has
determined that applicant has failed to meet the dictates of Article 11.071, § 5. Accordingly,
we dismiss the application as an abuse of the writ without considering the merits of the
claims. 

 IT IS SO ORDERED THIS THE 11th DAY OF FEBRUARY, 2013.

Do Not Publish 
1. Applicant filed an initial state habeas application after his first trial. However,
that application is not relevant here and will not be further discussed. The initial habeas
application filed in June 2003 was in reference to his second punishment trial.